UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SECOND CHANCE ACADEMY, INC.,
ET AL

VERSUS

ENTERGY (GULF STATES
LOUISIANA, L.L.C.), ET AL

CIVIL ACTION

NUMBER 09-280-FJP-SCR

### RULING

Plaintiffs have again filed a suit which is related to CV 06-207-FJP-CN, *Brendia Ford v. Entergy Gulf States Baton Rouge, et al*, which was filed and dismissed three years ago.  Plaintiffs' new complaint adds some new allegations and parties which were not included in the first suit and also some of the same allegations previously dismissed in CV 06-207-FJP-CN.

Plaintiffs have also filed a motion to request reconsideration of ruling[1] apparently seeking an appeal of the Magistrate Judge's ruling on motion to appear pro se.[2]

It is clear that a person who is not an attorney may not represent a corporation.  Brendia Ford was warned of this when she and others attempted to represent Second Chance Academy in the first suit filed.  Therefore, the decision of the Magistrate Judge

---

[1] Rec. Doc. No. 7.

[2] Rec. Doc. No. 5.

Doc#46235

C: Operations, DG

rendered on June 8, 2009, is affirmed.

A review of the new complaint sets forth claims which have clearly prescribed.  Parties were joined as plaintiffs who should have filed a separate suit since the causes of action and relief sought are not the same.  The standing of the parties in this case to seek the relief sought is questionable.  There is no subject matter jurisdiction under 28 U.S.C. § 1332 because the jurisdictional amount has not been met.  In addition, any attempt to assert federal question jurisdiction under 28 U.S.C. § 1331 is without merit.  Therefore, the Court finds that this action shall be dismissed without prejudice.

The Court finds the best way to handle this matter is to dismiss the new complaint without prejudice for lack of subject matter jurisdiction and improper joinder of parties.  If any party wishes to file a new suit, each party must file a separate suit and pay a separate filing fee. When filing the new suit, the plaintiff must identify defendants and set forth each cause of action and the facts that support each claim, subject matter jurisdiction, and the relief sought and shall otherwise comply with the Federal Rules of Civil Procedure.

No party may represent another plaintiff or a corporation unless that party is an attorney.  Each plaintiff may file a suit and represent himself or herself as pro se.  The potential plaintiffs are reminded of the sanctions that may be imposed under

Rule 11 of the Federal Rules of Civil Procedure and the inherent power of the Court to impose sanctions.

Therefore:

IT IS ORDERED that the June 8, 2009, ruling of the Magistrate Judge is affirmed.

IT IS ORDERED that this action shall be dismissed without prejudice for lack of subject matter jurisdiction and improper joinder.

IT IS FURTHER ORDERED that only an attorney admitted to practice in the Middle District of Louisiana may represent Second Chance Academy or any other corporation or company which may want to file suit.

IT IS FURTHER ORDERED that each plaintiff in this action who wishes to assert a claim must file a separate suit setting forth the defendants, identify each cause of action alleged, and the facts to support each claim, the subject matter jurisdiction of the Court, and the relief sought.  Each defendant shall be served in accordance with the Federal Rules of Civil Procedure.

IT IS FURTHER ORDERED that each plaintiff must pay the required filing fees when filing a new suit.  The Clerk of Court shall give each suit a separate number and is authorized to assign each suit to District Judge Frank J. Polozola.  The General Order by which U. S. District Judge Frank J. Polozola will not accept new suits may be waived in the interest of justice and judicial

economy.

    IT IS SO ORDERED.

    Baton Rouge, Louisiana, July 21, 2009.

                                */s/ Frank J. Polozola*
                                FRANK J. POLOZOLA
                                MIDDLE DISTRICT OF LOUISIANA